FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 19, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER P.,[1] | |
|     Plaintiff, | No. 1:20-CV-03099-SAB |
|     v. | |
| COMMISSIONER OF SOCIAL SECURITY,[2] | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
|     Defendant. | |

    Before the Court are cross-motions for summary judgment. ECF Nos. 14, 15. The motions were heard without oral argument. Plaintiff is represented by Timothy

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT . . . *1**

W. Anderson and Victoria B. Chhagan; Defendant is represented by Erin F. Highland and Timothy M. Durkin.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for Social Security Disability Insurance under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment.

## I. Jurisdiction

On October 11, 2018, Plaintiff filed an application for social security disability insurance benefits. Plaintiff alleged an onset date of September 1, 2017. Administrative Record ("AR") at 18.

Plaintiff's application was denied initially and on reconsideration. *Id.* at 88, 96. On July 3, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 103. On March 3, 2020, Plaintiff appeared and testified at a video hearing held before ALJ M. J. Adams, as did Vocational Expert Kimberly Mullinax. *Id.* at 15. During the hearing, Plaintiff amended her alleged onset date to January 17, 2018. *Id.* The ALJ issued a decision on March 31, 2020, finding that Plaintiff was not disabled. *Id.* at 19.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on May 14, 2020. *Id.* at 1, 151. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on July 9, 2020. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

//

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. *Id.* § 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* § 404.1509. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 416.920(d), § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT . . . *3**

conclusively presumed to be disabled. *Id.* § 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering the fourth step, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

**Step Four**: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 404.1520(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.   Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT . . .** *4

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the ALJ. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

For claims filed on or after March 27, 2018,[3] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. § 404.1520c(a). Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. The new regulations require an ALJ to explain how he or she considered the factors of (1) supportability; and (2) consistency, which are the two most important factors in determining the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b)(2). The ALJ is not required to explain how he or she considered factors other than "supportability" and "consistency," unless the ALJ finds that two or more medical opinions about the same issue are equally well-supported and

---

[3] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT . . . *5**

consistent with the record, but not identical. 20 C.F.R. § 404.1520c(b)(3). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s), . . . the more persuasive the medical opinions . . . will be." *Id.* § 404.1520c(c)(1). Furthermore, an opinion is unpersuasive when it is inconsistent "with the evidence from other medical sources and nonmedical sources." *Id.* § 404.1520c(c)(2).

The Ninth Circuit has not yet had the opportunity to address the impact of the new regulations on the requirement that an ALJ provide "clear and convincing" reasons for rejecting an uncontradicted physician's opinion or "specific and legitimate reasons" for rejecting a contradicted physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). At least one district court has found that the new regulations do not alter the standards because they are "based on evidentiary principles in administrative law, and not on a hierarchy of opinions." *Patricia Jo I. v. Comm'r of Soc. Sec.*, No. 3:20-CV-5832-DWC, 2021 WL 1589522, at *3 (W.D. Wash. Apr. 23, 2021) (citing *Kathleen G. v. Comm. Soc. Sec.*, No. 2:20-cv-461-RSM (W.D. Wash. Nov. 10, 2020)). However, the same district court correctly noted that relevant Ninth Circuit precedent necessarily "linked the need for such reasons to the rationale underlying the hierarchy." *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *4 (W.D. Wash. Apr. 9, 2020).

For sake of consistency in this District, the Court adopts the rationale and holding articulated by Judge Mendoza on the issue in *Emilie K. v. Saul*, No. 2:20-cv-00079-SMJ, 2021 WL 864869, *3–4 (E.D. Wash. Mar. 8, 2021), *appeal docketed*, No. 21-35360 (9th Cir. May 10, 2021). In that case, the Court held that the ALJ did not err in applying the new regulations over Ninth Circuit precedent, because the result did not contravene the Administrative Procedure Act's requirement that decisions include a statement of "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." *Id.* at *4 (citing 5 U.S.C. § 557(c)(A)). Nevertheless, it is

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT . . . *6**

not clear that the Court's analysis in this matter would differ in any significant respect under the "clear and convincing" standard of *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1995).

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 34 years old. AR at 23. Plaintiff has a high school education and has worked as a cashier, restaurant manager, assistant supermarket manager, and supervisor at a hardware store. ECF No. 14 at 3. In December 2017, Plaintiff left her work as a supervisor at a hardware store for maternity leave. AR at 17. Plaintiff was terminated from work in March 2018. *Id.*

The ALJ considered several ailments of Plaintiff's, but only her spinal impairment and back pain are the subject of this appeal. Plaintiff had a previous spinal impairment, and a surgeon performed a lumbar laminectomy and discectomy on her in June 2016. *Id.* at 43–44. She returned to work after these procedures. Plaintiff asserts that her back pain reignited after giving birth to her child on January 16, 2018—her amended alleged onset date—and increased subsequently in May 2018, when she was putting her child in a car and felt a "pop" in her back. *Id.* at 296, 328. An MRI from May 2018 revealed that her disc was herniated. *Id.* at 22.

Plaintiff is currently providing childcare and working as a bookkeeper for her father's business approximately ten hours a week. *Id.* at 36, 43. With her present work, Plaintiff can choose when to work approximately two hours during the day. *Id.* at 50. Plaintiff testified at the ALJ hearing that she did not think she could perform the same type of work on a full-time or 30-hour a week basis, because she requires breaks and the ability to lie down and work at her own pace. *Id.* at 43–44. Her typical day including cooking and cleaning laundry and dishes; however, she states that she has to take several breaks due to back pain. *Id.* at 231. She estimates

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT . . . *7**

that she cannot walk more than 1/4 mile without taking a break, and that she cannot stand or sit for longer than 30–60 minutes without pain. *Id.* at 259.

## V. The ALJ's Findings

On March 31, 2020, the ALJ issued an opinion affirming denial of benefits. The ALJ concluded that Plaintiff's allegations were not consistent with the record and held that Plaintiff was not disabled and could perform work that exists in significant numbers in the national economy. *Id.* at 27.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 17, 2018, the amended alleged disability onset date. *Id.* at 20.

At step two, the ALJ found that Plaintiff had the following severe impairments: spinal impairment(s), hiatal hernia, and gastritis. *Id.* at 21.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. *Id.* at 22. Instead, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) except she can occasionally climb ladders, rope, and scaffolding. She can frequently stoop, kneel, crouch, crawl, and climb ramps and stairs. She should avoid concentrated exposure to vibration and hazards.

*Id.*

At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a shipping checker and a shipping/receiving supervisor, which did not require the performance of work-related activities precluded by the Plaintiff's residual functional capacity. *Id.* at 26.

At step five, the ALJ found that, even if Plaintiff could not perform past relevant work, Plaintiff was not disabled and capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including fast food worker, cashier II, and housekeeping cleaner. *Id.* at 26–27.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT . . .** *8

## VI. Issues for Review

The question presented is whether substantial evidence supports the ALJ's decision denying benefits, and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) rejecting her testimony regarding pain symptoms; (2) rejecting the medical opinion of her treating physician, Dr. Steven Foster; and (3) rejecting the lay witness testimony of her mother, Mrs. Pamela Betts.

## VII. Discussion

1. <u>The ALJ Did Not Err in Rejecting Plaintiff's Testimony Regarding Pain Symptoms.</u>

Plaintiff contends that the ALJ erred in rejecting her testimony regarding her symptoms and functional limitations. ECF No. 14 at 4. In response, Defendant argues that the ALJ reasonably evaluated Plaintiff's subjective complaints and dismissed them because her treatment records and examination findings were inconsistent with her alleged symptoms. ECF No. 15 at 4.

The ALJ compares a claimant's allegations to the rest of the evidence to determine whether the claimant's statements are consistent. 20 C.F.R. § 404.1529(c). With respect to symptom testimony, an ALJ's findings must be "properly supported by the record and sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding [symptoms]." *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc).

The ALJ is responsible for making credibility determinations. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007). An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT . . .** *9

produce the pain or other symptoms alleged.'" *Id.* (quoting *Lingenfelter*, 504 F.3d at 1036). In this analysis, the claimant is not required to show "that [her] impairment could reasonably be expected to cause the severity of the symptom [she] has alleged; [she] need only show that it could reasonably have caused some degree of that symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). In addition, she need not produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id.*

Second, once a claimant has produced evidence of an impairment, the ALJ may not discredit testimony by asserting solely that symptoms are not affirmatively supported by objective medical evidence. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). The ALJ must provide specific, cogent reasons to find that the claimant is not credible. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). Factors the ALJ may consider when making such credibility determinations include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, and inconsistencies in testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2013); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). If the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The Court will affirm the ALJ's reasoning so long as it is clear and convincing. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

In this case, the ALJ did not err in finding Plaintiff's testimony unpersuasive. The ALJ provided clear, cogent, and convincing reasons for rejecting Plaintiff's testimony regarding pain symptoms. First, the ALJ found that Plaintiff's treatment records and examination findings were inconsistent with her alleged symptoms. AR at 20–21. Inconsistencies between a claimant's allegations and the relevant medical evidence is a sufficient reason to reject a claimant's testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ noted that Plaintiff's treatment

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT . . . *10**

records indicated generally normal functioning. For example, when Plaintiff complained of lumbar pain in May 2018, her physical exam indicated normal bilateral legal strength and intact heel and toe walk. AR at 20–21 (citing AR 294). After one injection to her lumbar spine and completion of one round of physical therapy, Plaintiff had mild pain and back spasms upon examination, but no pain or palpation, normal gait, and unrestricted extremity movement. *Id.* at 21 (citing *id.* at 365, 604). After another round of physical therapy, medical records from June, September, and December 2019 indicate that Plaintiff continued to present with normal gait and unrestricted extremity of movement. *Id.* (citing *id.* at 577, 585, 589). With each physical therapy visit, she reported overall improvement in her back pain, *id.* (citing *id.* at 498, 500, 507, 509, 511, 517), including greater ease of movement in the lumbar spine with less restrictions, *id.* at 507. These findings were sufficient to reject Plaintiff's subjective testimony regarding symptoms.

Another reason the ALJ discounted Plaintiff's subjective complaints was because Plaintiff's symptoms were generally resolved and/or well controlled with conservative treatment, such as physical therapy, mediation, and one epidural injection. *Id.* at 20–21. An ALJ may discount a claimant's testimony based on evidence of conservative treatment. *See Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007); *see also Tommasetti*, 533 F.3d at 1039–40 (finding that where claimant "responded favorably to conservative treatment," the ALJ properly discounted subjective reports of disabling pain); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.").

Here, after Plaintiff received one epidural injection to her lumbar spine in June 2018, she reported having "100% relief of her leg pains," AR at 21 (citing *id.* at 299), and in July 2018, made "good gains with physical therapy" with respect to pain reduction and improving her range of motion, *id.* at 325. In August 2018, Plaintiff reported that her back pain was "manageable" after completion of physical therapy

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT . . .** *11

and that she was using pain medication as needed. *Id.* at 21 (citing *id.* at 302–04). She denied having weakness. *Id.* at 21 (citing *id.* at 364, 603). Rather, Plaintiff's "main concern" at these visits was not back pain, but worsening anxiety and urinary frequency. *Id.* at 364, 603. Later records also demonstrate that Plaintiff did not request or receive any additional treatment for her back, but instead continued on the same medications as previously proscribed. *Id.* at 21 (citing *id.* at 574). The ALJ's reasons were sufficiently specific and convincing to allow this Court to conclude that the ALJ did not reject Plaintiff's testimony on impermissible grounds.

The ALJ also noted that Plaintiff stated at the hearing that she was not taking any medication for her disabling pain symptoms, despite performing ongoing childcare and part-time work, because she did not like to take it. *Id.* at 21. The ALJ noted that this contradicted Plaintiff's treatment records and previous statements, which indicated that her back pain was stable when taking medication and that she was taking medication as needed for pain. *Id.* Inconsistent statements regarding symptoms are a valid reason to discount a claimant's testimony. *See Tommasetti*, 553 F.3d at 1039. As a result, the ALJ provided clear and convincing reasons for finding Plaintiff's testimony not credible.

2. <u>The ALJ Did Not Err in Rejecting the Medical Opinion of Plaintiff's Treating Physician, Dr. Foster.</u>

Plaintiff also contends that the ALJ erred in rejecting the opinion of her treating physician, Dr. Foster, and that Ninth Circuit precedent pertaining to the hierarchical evaluation of medical sources still applies. ECF No. 14 at 11–16. Defendant argues that the ALJ reasonably evaluated the persuasiveness of Dr. Foster's medical opinion and the ALJ's decision was properly supported by the "supportability" and "consistency" factors under 20 C.F.R. § 404.1520c(b)(2). *See* ECF No. 15 at 12, 13–15.

Dr. Foster completed an assessment form listing Plaintiff's diagnosis as lumbar disc herniation, with the following symptoms: decreased forward bending,

lumbar muscle spasm/tension, and symptoms of low back pain and leg weakness. AR at 403. He opined that Plaintiff working regularly and continuously would cause her condition to deteriorate; that she would have to lie down thirty to sixty minutes for every hour Plaintiff was on her feet; and that she would miss four or more days of work per month due to flares of muscle spam, if she attempted to work a 40-hour work week. *Id.* at 403–04.

The Court holds that the ALJ applied the correct standards for evaluation of medical testimony. The Court also finds that the ALJ provided legitimate reasons to discount Dr. Foster's medical opinion regarding Plaintiff's limitations. First, the ALJ found Dr. Foster's opinion unpersuasive because his extreme limitations were not supported by his treatment records. *Valentine v. Comm'r*, 574 F.3d 685, 692–93 (9th Cir. 2009) (finding that a contradiction between an opinion and treatment notes constitutes a "specific and legitimate" reason for rejecting a physician's opinion). To illustrate, in medical records, Dr. Foster repeatedly noted that claimant's back pain was well controlled and stable. AR at 364, 584, 588, 603. In December 2019, the same month Dr. Foster provided his opinion as to Plaintiff's limitations, Dr. Foster's physical exam noted only mild pain and muscle spasm, with normal movement and gait. *Id.* at 577. Indeed, Plaintiff's main concern at this visit was "worsening dysuria," not back pain. *Id.* at 574. The ALJ also considered the fact that Dr. Foster's limitations appeared to adopt, identically, Plaintiff's subjective reports of pain. *Id.* at 25.

Second, the ALJ noted that other medical evidence on record indicated that Plaintiff's symptoms were well-controlled with conservative treatment. *Id.* at 299, 302–04, 325, 333, 494, 498, 507, 509, 511, 517. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s), . . . the more persuasive the medical opinions . . . will be." *Id.* § 404.1520c(c)(1). Dr. Foster's medical records, which indicated well-controlled symptoms, undermined his opinion regarding Plaintiff's

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT . . . *13**

limitations. The ALJ reasonably found that Dr. Foster's treatment records contradicted his ultimate opinion as to Plaintiff's limitations.

Third, the ALJ found the medical opinions of Drs. Staley and Virji to be more consistent with the Plaintiff's treatment records, examination findings, and activities. AR at 22. An opinion is unpersuasive when it is inconsistent "with the evidence from other medical sources and nonmedical sources." 20 C.F.R. § 404.1520c(c)(2). Both state agency medical consultants opined that Plaintiff could perform light work, except she could occasionally climb ladders and could frequently stoop, kneel, crouch, crawl, and climb ramps and stairs. AR at 23. Both doctors opined that Plaintiff should avoid concentrated exposure to vibration and hazards. *Id.* Their opinion testimony was inconsistent with Dr. Foster's extreme limitations yet supported by the medical record as a whole. As a result, the ALJ properly found the opinions of Drs. Staley and Virji more persuasive, and overall provided legally sufficient reasons to discount Dr. Foster's opinion.

3. <u>The ALJ Did Not Err in Rejecting the Lay Witness Testimony of Plaintiff's Mother, Mrs. Betts.</u>

Last, Plaintiff contends that the ALJ erred in rejecting lay witness testimony from her mother, Mrs. Pamela Betts, and that the ALJ did not provide "specific, germane reasons" for rejection of her testimony. *Id.* at 16. Plaintiff notes that relatives are in a good position to observe a claimant's symptoms and daily activities and can provide competent evidence to substantiate medical opinions of record or to show directly how an impairment affect the claimant's ability to work. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Defendant argues that the ALJ reasonably found Mrs. Betts' testimony unpersuasive because it was inconsistent with the objective medical record.

The Court finds that the ALJ did not err in rejecting lay witness testimony from Mrs. Betts. An ALJ must provide germane reasons to discount the testimony of a lay witness. *Dodrill v. Shalala*, 12. F.3d 915, 919 (9th Cir. 1993). One reason

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT . . .** *14

for which an ALJ may discount lay testimony is that it conflicts with medical evidence. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ found that Mrs. Betts testimony was not reliable because her testimony was inconsistent with the medical record, which indicated "well-controlled back pain admist generally normal signs of physical functioning." AR at 25 (citing *id.* at 299, 303, 364–66, 555, 559, 562, 584–85, 588–89, 594–95, 603–04). The ALJ considered the medical opinions of two non-treating physicians, Drs. Staley and Virji, each who found that Plaintiff could perform light work. *Id.* at 65 (Exhibit 2A), 78 (Exhibit 4A). He determined that these professional opinions were "more persuasive, better supported, and more consistent with the record as a whole" than Mrs. Betts' statements. *Id.* at 25. As a result, the ALJ provided germane reasons to discount Mrs. Betts' lay testimony. In total, the ALJ's findings were supported by substantial evidence.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel and close the file.

**DATED** this 19th day of July 2021.

Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT . . . ~ 15**